IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL GABRIEL HAWK,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0058-WS-B |
| ) | |
| **SEAN KLAETSCH, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

This matter is before the Court on motions to dismiss filed by defendants Morrow Company ("Morrow") and Charlotte Pollard. (Docs. 11, 14). The parties have filed briefs in support of their respective positions, (Docs. 12, 15, 24, 25, 28), and the motions are ripe for resolution.

## BACKGROUND

As relevant to the motions to dismiss, the complaint alleges that the plaintiff in 1988 had the legal name of Kenneth Wade Clark. In that year, he entered a plea of no contest to a Florida charge of lewd and lascivious act in the presence of a child. The charge ultimately was dismissed and, under Florida law at the time, these events did not result in a conviction. Until 2005, Alabama law required only convicted sex offenders to register. In 2005, the law was expanded to encompass no contest pleas, but the law was not made retroactive to such pleas occurring before 2005. Therefore, the plaintiff did not register in Alabama as a sex offender. In July 2010, the plaintiff legally changed his name to Michael Gabriel Hawk.

The plaintiff resided at an apartment complex in Evergreen, Alabama owned by Morrow and managed by Pollard. On or about October 20, 2010, the plaintiff requested Pollard to have a maintenance crew clean up a large pile of broken glass. The plaintiff

[1]

noticed that Pollard had his file on her desk.  He asked why, and she responded that she hadn't gotten around to filing it.  The plaintiff continued to ask to have the glass cleaned up, and Pollard repeatedly refused.  The conversation escalated, and other residents arrived and threatened the plaintiff.  The plaintiff said he would take the matter to the police, which he did.

At the police station, the plaintiff spoke with defendant Trent Robinson, a city police officer, who seemed agitated and who rudely questioned the plaintiff.

Robinson went to the apartment complex the same day, where he refused to speak to the plaintiff, threatened to taser him, and said he wanted to speak to Pollard.  Later that evening, Robinson approached the plaintiff at a gas station and told the plaintiff that he knew all about him, called him a homosexual, shoved him, and asked him if he wanted to go to jail.

On or about October 22, 2010, Robinson approached the plaintiff and announced he had a warrant for the plaintiff's arrest.  Robinson thereupon arrested the plaintiff for failing to register as a sex offender.  The charges were dismissed in February 2011.

The complaint names nine defendants and asserts ten counts.  Count Five (labeled "Action under 42 U.S.C. 1983") alleges that Pollard, Robinson and others "were part of a conspiracy to have Plaintiff Hawk falsely arrested and falsely imprisoned."  (Doc. 1 at 12).  Count Ten (labeled "False Arrest and Imprisonment") re-alleges that Pollard was part of this conspiracy and continues that she was working within the line and scope of her authority and employment when she participated in the conspiracy, rendering Morrow liable.

## DISCUSSION

The movants advance a single argument:  that the complaint fails to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In particular, they argue that the complaint "does not allege a set of facts that would make it plausible that Pollard participated in a

[2]

conspiracy or that Morrow could be held liable as a result of the acts of Pollard as her employer."  (Doc. 12 at 4; *accord* Doc. 15 at 4).[1]

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Twombly*, 550 U.S. at 555.  There must in addition be a pleading of facts.  Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."  *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard … asks for more than a sheer possibility that the defendant has acted

---

[1] Morrow's argument is only that, because its liability is alleged to be derivative of Pollard's, inadequate pleading as to Pollard is necessarily inadequate pleading as to Morrow as well.  Thus, the briefs and this order address only the allegations relative to Pollard.

unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted).  A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*.  But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

The movants identify the elements of a civil conspiracy claim "under Alabama law" as:  (1) a purpose to cause damage to the plaintiff; (2) concerted action; and (3) overt acts.  (Doc. 12 at 2; Doc. 15 at 2 (citing *Snyder v. Faget*, 326 So. 2d 113 (Ala. 1976)).  They do not explain the relevance of Alabama conspiracy law to the plaintiff's federal cause of action, and the plaintiff's federal claim cannot be dismissed for failure to plead elements of a state claim he has not raised.

The movants argue that the complaint fails to address every element of the claim because it "contains no allegations, stated or inferred, that relate to Pollard's involvement in the alleged conspiracy."  (Doc. 28 at 3).  Specifically, they argue the complaint "does not contain any allegations that Pollard had any communications or contact with any other Defendant or participant in the alleged conspiracy."  (Doc. 28 at 2).  Actually, it does.  As noted, the complaint alleges that Robinson (another defendant and an alleged participant in the conspiracy) came to the apartment complex for the express purpose of speaking with Pollard.  This on its face is an "inferential allegation" of communication or contact between Pollard and Robinson.

The movants then modify their approach, saying the complaint contains "no allegation that Pollard and Defendant Robinson in anyway [sic] communicated about a plan to have Plaintiff arrested and imprisoned or that Defendant Robinson acted at Pollard's behest in arresting Plaintiff."  (Doc. 28 at 2-3).  Defendants rarely enter conspiracies openly and in the presence or hearing of the plaintiff, and agreement is

[4]

routinely demonstrated circumstantially.[2]  Here, the complaint alleges that Pollard had the plaintiff's file on her desk for no good reason and that she and the plaintiff had a heated exchange.  Shortly thereafter but on the same day, Robinson arrived at the apartment complex in order to follow up on the plaintiff's complaint against Pollard and announced his intention to speak with Pollard.  Shortly thereafter but on the same day, Robinson told the plaintiff he knew he was a homosexual and asked the plaintiff if he wanted to go to jail.  Taken together, these allegations render it plausible that Pollard shared information with Robinson about the plaintiff's former name and/or his criminal history and agreed with Robinson to have the plaintiff arrested.[3]

The movants object that the complaint's allegations leave it as likely that Pollard merely provided information in response to Robinson's questions as that she agreed with Robinson to have the plaintiff arrested.  (Doc. 28 at 3).  That might be so had Pollard been uninvolved before Robinson arrived but, according to the complaint, she was not.  Instead, she was prying into the plaintiff's file and having a heated argument with him.  And when Robinson arrived shortly thereafter, she learned that the plaintiff had complained to the police about her.  These allegations tip the balance towards the reasonable inference that Pollard had an axe to grind against the plaintiff and took advantage of the opportunity provided by Robinson's arrival to agree with him to have the plaintiff arrested.

For the reasons set forth above, the motions to dismiss filed by Morrow and Pollard are **denied**.

---

[2] "[C]onspiracies are secretive by nature …." *United States v. White*, 663 F.3d 1207, 1214 (11th Cir. 2011) (internal quotes omitted).  Thus, "[t]he existence of such a conspiracy [under Section 1983] may be proved by circumstantial evidence." *American Federation of Labor and Congress of Industrial Organizations v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2001).

[3] It is of course unnecessary to the plaintiff's claim that Robinson have acted at the "behest" (i.e., order or command) of Pollard, and the Court construes the movants' use of the term as colorful but irrelevant flourish.

DONE and ORDERED this 14th day of May, 2012.

                          s/ WILLIAM H. STEELE
                          CHIEF UNITED STATES DISTRICT JUDGE