IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL GABRIEL HAWK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0058-WS-B |
| ) | |
| **SEAN KLAETSCH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of the remaining defendants for summary judgment. (Doc. 82). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 83, 95, 98, 102), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion for summary judgment is due to be granted.

**BACKGROUND**

According to the amended complaint, (Doc. 54), the plaintiff was arrested in October 2010 on a charge that was later dismissed. At the time of his arrest, defendant Sean Klaetsch, then a police officer with the defendant City of Evergreen ("the City), tasered him without reason. While held in the county jail, the plaintiff was assaulted by multiple inmates, who told him that "Klaetsch said to indoctrinate you into jail life."[1]

---

[1] The amended complaint contains other allegations, but the plaintiff in his response to the instant motion limits his case to these two episodes of the use of force. (Doc. 95 at 7-8).

The plaintiff sued eight defendants, four of whom have been dismissed, including Klaetsch.  The remaining defendants are:  (1) the City; (2) its mayor, Pete Wolff, III; (3) its police chief, James Simpson; and (4) its police officer, Trent Robinson.[2]

In response to the defendants' motion for summary judgment, the plaintiff asserts that he "will not contest Defendants' Motion for Summary Judgment as to Count V of Plaintiff's Amended Complaint."  (Doc. 95 at 1).  The defendants' motion as to that count therefore will be granted.  Because this is the only count as to which Robinson or Wolff is a defendant, those two defendants will be dismissed with prejudice.

Remaining for consideration are Counts VI and VII.  Count VI is asserted against Chief Simpson under Section 1983 and accuses him of deliberate indifference to the lack of training and supervision of Klaetsch, proximately causing the plaintiff to be deprived of his constitutional rights to due process and to be free of cruel and unusual punishment.[3]  Count VII is asserted against the City under Section 1983 and accuses the City of "allowing city officials and police officers to violate the constitutional rights of citizens" pursuant to a municipal policy or custom, resulting in the same constitutional violations.

---

[2] Robinson is so named in the amended complaint.  According to the motion for summary judgment, his actual name is Triston Robinson, not Trent Robinson.

[3] Count VI also asserts fault in hiring, but the plaintiff has eliminated that basis.  (Doc. 95 at 8).  Count VI also asserts failure to train and supervise Robinson and other, unnamed officers, but the plaintiff has narrowed his case to Klaetsch.  (*Id*. at 7-8).  Finally, Count VI invokes additional constitutional protections, but the plaintiff's limitation of his complaint to being tasered and assaulted, (*id*.), eliminates them from consideration.

"Claims involving the mistreatment of … pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal quotes omitted).  This principle applies to claims of excessive force.  *Id*.  By invoking the Due Process Clause and complaining of being tasered and assaulted, the plaintiff plainly asserts a claim for use of excessive force; the defendants' one-sentence argument to the contrary, (Doc. 98 at 3 n.2), is mistaken.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*.  "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[4]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

The City and Chief Simpson argue that the plaintiff's claims against them are precluded by his dismissal of Klaetsch.  Should this contention fail, they argue that the plaintiff cannot create a genuine issue of fact as to their liability for any unconstitutional conduct by Klaetsch.  The Court considers these arguments in turn.

**I. Dismissal of Klaetsch.**

In March 2012, the plaintiff notified the Court that Klaetsch had filed a petition in bankruptcy, and the Court accordingly stayed the action as to him. (Docs. 17, 18).  In July, the plaintiff notified the Court that Klaetsch's was a no-asset case, that the plaintiff therefore elected not to seek relief from the automatic stay, and that Klaetsch had recently received a discharge. (Doc. 58).  The plaintiff thereafter filed a motion to dismiss Klaetsch with prejudice, (Doc. 69), which motion the Court granted. (Doc. 76).

The defendants note that the plaintiff's case against them arises from the conduct of Klaetsch and depends upon the unconstitutionality of that conduct.  They argue that

---

[4] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

"this Court's granting of the Plaintiff's voluntary dismissal of Klaetsch with prejudice adjudicated those claims in Klaetsch's favor and established that favorable ruling as the law of the case." (Doc. 83 at 15).

The law-of-the-case doctrine "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a previous appeal." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1288 (11th Cir. 2010) (internal quotes omitted); *accord Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1301-02 (11th Cir. 2012). Since there has been no appeal and no resolution of any issue on appeal, the law-of-the-case doctrine has no application here.

The only authority cited by the defendants, (Doc. 83 at 2 n.1), is *Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888 (11th Cir. 1997). Under *Hunt*, "[a] stipulation of dismissal with prejudice … at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Id.* at 911 n.63 (internal quotes omitted). *Hunt* makes clear that, having dismissed Klaetsch with prejudice, the plaintiff cannot sue Klaetsch over the matters subject to dismissal. But *Hunt* does not address the effect of such a dismissal on a plaintiff's claims against other defendants. On the contrary, after stating that the plaintiff's dismissal of defendant Eastern barred suit against Eastern, the *Hunt* Court noted that the other defendants "have not argued that this disposition of Hunt's claims against Eastern had a preclusive effect on Hunt's claims against them. Accordingly, we do not consider the issue." *Id.* Given the defendants' failure to cite any authority supporting their position, this Court likewise will not consider the issue.

## II. Supervisory Liability.

"It is well-established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Amnesty International v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009). Instead, "[s]upervisory liability lies where the defendant personally participates in the unconstitutional conduct or there is a

causal connection between such conduct and the defendant's actions." *Harper v. Lawrence County*, 592 F.3d 1227, 1236 (11th Cir. 2010). The causal connection can be established in any of three ways (for a total of four potential bases of liability). The first requires both a "history of widespread abuse" placing the supervisor "on notice of the need to correct the alleged deprivation" and the supervisor's failure to do so. The second is established "when a supervisor's custom or policy … result[s] in deliberate indifference to constitutional rights." The third requires that the supervisor "directed the subordinates to act unlawfully" or "knew" they would do so "and failed to stop them from doing so." *Id*. (internal quotes omitted). To pin liability on Chief Simpson, the plaintiff relies exclusively on a history widespread abuse, a consequent need for improved discipline, training or supervision, and Chief Simpson's failure to take such corrective action. (Doc. 95 at 8).

"The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *accord Danley v. Allen*, 540 F.3d 1298, 1314 (11th Cir. 2008), *overruled in part on other grounds, Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). "Our precedents are clear that, for constitutional violations to be sufficiently 'widespread' for a governmental supervisor to be held liable, they need occur with frequency …." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1294 (11th Cir. 2004).

The plaintiff seeks to show a causal connection between Chief Simpson and the alleged constitutional violations only with respect to his being tasered by Klaetsch and his being assaulted by fellow inmates at Klaetsch's instigation. (Doc. 95 at 7-8). He offers evidence of five incidents occurring before his October 2010 arrest, (Doc. 95, Exhibit 2), but one involves searching a citizen's vehicle and another involves interrogation of children, (*id*. at 18-20), which incidents are irrelevant to the plaintiff's allegations of excessive force. The Court thus focuses on the three incidents involving force.

The first incident occurred in March 2006. A citizen complained that, at the conclusion of a high-speed chase, the citizen complied with a command to exit the vehicle and get on the ground. At that point, Klaetsch stomped the citizen in the back, put his knees in the citizen's back, pulled his arms out, pulled his hair and banged his head against the ground. The citizen's complaint was reduced to an official incident report. (Doc. 95 at 17).

The second incident occurred in December 2009. A citizen's daughter, while driving the citizen's vehicle, was stopped on an outstanding traffic violation. When the citizen attempted to remove the keys from the vehicle, the officers grabbed him, pulled his arms over his head, and began to forcibly jerk him from one officer to the other, while a third officer pointed a taser in the citizen's face. One of the officers (which one is not stated) was Klaetsch. The citizen verbally reported the incident to Chief Simpson the same day. (Doc. 95 at 25).

The third incident occurred in March 2010. According to a citizen's notice of claim, Klaetsch "committed acts of assault and battery and falsely arrested and imprisoned" the citizen, which conduct the citizen described as "police brutality." (Doc. 95 at 21-22). In October 2012, the citizen executed an affidavit, in which he explained that Klaetsch stopped him on a city street and asked to see his identification. When the citizen began walking to his grandmother's house a few yards away to retrieve his ID, Klaetsch "grabbed me, pulled me down to the ground, put his knee in my back, then pointed his taser at me and asked if I wanted to be tased." (*Id*. at 24).

The plaintiff thus has evidence of three uses of force by Klaetsch prior to the October 2010 incident. None of them offers the slightest indication that Klaetsch had ever encouraged, or ever would encourage, detainees to attack a fellow detainee. The plaintiff's claim against Chief Simpson based on that incident therefore fails. Only the tasering incident remains for consideration.

The first incident occurred in March 2006, over 4½ years before the subject incident and over 3½ years before the second incident. It is the epitome of an "isolated

occurrence." The second and third incidents occurred within a few months of each other and less than a year before the subject incident, but there are only two of them. Two episodes cannot be considered "frequen[t]," "rampant" or "widespread." Nor was there any "obvious" or "flagrant" abuse. The force employed (which did not include discharge of a taser) was de minimis, and de minimis force cannot support a constitutional violation.[5]

In summary, in response to the defendants' properly supported motion for summary judgment, the plaintiff has not demonstrated the existence of an issue of material fact as to Chief Simpson's supervisory liability for any constitutional violation by Klaetsch, and he is consequently entitled to summary judgment.

## III. Municipal Liability.

As with supervisory liability, "municipal liability under § 1983 may not be predicated upon a respondeat superior theory …." *Hardin v. Hayes*, 52 F.3d 934, 939 n.8 (11th Cir. 1995). "[T]o impose section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality has a custom or policy that constituted deliberate indifference to that constitutional right; and

---

[5] *See Nolin v. Isbell*, 207 F.3d 1253, 1255, 1258 (11th Cir. 2000) (grabbing the plaintiff from behind by the shoulder and wrist, throwing him against a van several feet away, kneeing him in the back, and pushing his head into the side of the van constituted de minimis force); *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997) (slamming the plaintiff against a wall and kicking his legs apart constituted de minimis force); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559-60 (11th Cir. 1993) (pushing a non-resisting arrestee against a wall and applying a chokehold constituted de minimis force); *see also Nolin*, 207 F.3d at 1256 (describing *Jones* and *Post*).

"[E]ven de minimis force will violate the Fourth Amendment if the officer is not entitled to arrest or detain the suspect." *Reese v. Herbert*, 527 F.3d 1253, 1272 (11th Cir. 2008) (internal quotes omitted). The plaintiff does not invoke this exception and, in any event, the citizens' description of the incidents indicates that the police were entitled to arrest or detain them.

(3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

To pin liability on the City, the plaintiff relies on a ratification theory, specifically, that "a persistent failure to take disciplinary action against officers [using excessive force] can give rise to the inference that a municipality has ratified conduct, thereby establishing a 'custom' within the meaning of *Monell*." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985). According to the plaintiff, "Chief Simpson's persistent failure to take disciplinary action against Officer Klaetsch at a minimum gives rise to the inference the Municipality of Evergreen ratified Officer Klaetsch's type of unconstitutional misconduct …." (Doc. 95 at 7).

The plaintiff thus eschews proof of a formal policy in favor of a governmental custom. "[T]o prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice …." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) (internal quotes omitted). The plaintiff has evidence that Chief Simpson knew of the three prior incidents and did not discipline Klaetsch, (Simpson Deposition at 10; Doc 95, Exhibit 2), but, as discussed in Part II, the plaintiff relies on too few incidents to establish a "widespread practice" or "persistent failure" to discipline officers using excessive force, especially given his failure to show that the force employed in those incidents was unconstitutional.

In summary, in response to the defendants' properly supported motion for summary judgment, the plaintiff has not demonstrated the existence of an issue of material fact as to the City's liability for any constitutional violation by Klaetsch, and the City is consequently entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is **granted**. Defendants City of Evergreen, Pete Wolff, III, James Simpson and Trent

Robinson, and all claims against them, are **dismissed with prejudice**. Judgment shall be entered accordingly by separate order. The Clerk is directed to close the file.

DONE and ORDERED this 14th day of December, 2012.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE