IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL GABRIEL HAWK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 12-0058-WS-B** |
| | ) |
| **SEAN KLAETSCH, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

The defendants have filed a motion to re-tax costs. (Doc. 108). The plaintiff declined the opportunity to respond, (Doc. 109), and the motion is ripe for resolution.

The defendants seek taxation of $1,361.60, incurred in connection with four depositions taken in the case: the plaintiff (deposed by the defendants) and three defendants (deposed by the plaintiff).

Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2). "A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (internal quotes omitted). Under these principles, the costs associated with all four depositions are properly taxable, as the defendants used each of these depositions in support of their successful motion for summary judgment. (Doc. 83, Exhibits B-E).

The defendants also seek $104.30 in copying costs. "Fees for exemplification and copies of papers necessarily obtained for use in the case" are

properly taxable. 28 U.S.C. § 1920(4).[11]  "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623.  In particular, costs of "general copying" are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  The burden is on the requesting party to "present required evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Department of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994).

The defendants make no effort to show that their request falls within the relevant parameters.  A single "Xerox Charge Sheet," with handwritten notations as to "No. of Copies," (Doc. 108 at 6), does not meet their burden.  Accordingly, no costs for copying will be awarded.

For the reasons set forth above, the defendants' motion to re-tax costs is **granted in part**.  The defendants are awarded costs of $1,361.60.  In all other respects, the defendants' motion is **denied**.

DONE and ORDERED this 6th day of February, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] "Exemplification" is limited to "an official transcript of a public record, authenticated as a true copy for use as evidence," *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (internal quotes omitted), and is not at issue.